19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Bruce T. RAINERI, Plaintiff, Appellant,
v.
HILLSBOROUGH COUNTY HOUSE OF CORRECTIONS, et al.,
Defendants, Appellees.
 No. 93-1725
 United States Court of Appeals, First Circuit.
 March 29, 1994
 
 Appeal from the United States District Court for the District of New Hampshire
 Bruce T. Raineri on brief pro se.
 Carolyn M. Kirby, Assistant County Attorney, on brief for appellee Hillsborough County House of Corrections.
 Wilbur A. Glahn, III, McLane, Graf, Raulerson & Middleton, Professional Association, Duane, Morris & Heckscher, Allen C. Warshaw, and Mary P. Patterson on brief for appellee Pennsylvania Institutional Health Services, Inc.
 Amy L. Fracassini, Robert J. Lanney, and Sulloway & Hollis on brief for appellee Barbara Condon.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Appellant Bruce T. Raineri appeals from the dismissal of his complaint based on 42 U.C.S. Sec. 1983. He asserted that health providers at the New Hampshire jail where he was incarcerated violated the Eighth Amendment by providing constitutionally deficient medical care. After carefully reviewing the record and the briefs of the parties, we agree with the reasoning of the district court contained in its Order, dated June 24, 1993. We add the following comments concerning the grant of summary judgment to appellee Barbara Condon and the dismissal of the complaint against Hillsborough County House of Corrections (Hillsborough) and its medical provider, Pennsylvania Institutional Health Services, Inc. (PIHS).
 
 
 2
 To prevail on a motion for summary judgment, the moving party must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the movant has met this standard, the burden shifts to the non-moving party to establish the existence of "at least one issue that is both 'genuine' and 'material.' " Kelly v. United States, 924 F.2d 355, 357 (1st Cir. 1991) (citation omitted); Fed. R. Civ. P. 56(e).
 
 
 3
 In support of her motion for summary judgment, Condon submitted her own affidavit and appellant's medical records. She argues, and the dispensary cards (which chronicle each contact appellant had with the medical staff) show, that the first time appellant brought up the problem with the timing of his morning dose of insulin was on September 28 or 29, 1992. About three days later, Condon instituted the change in the time at which appellant ate breakfast to conform to his request that the insulin be given within one-half hour of his morning meal. The rest of the dispensary cards reveal that from June 23, 1992 until September 28, 1992, insulin was given to appellant daily, apparently without complaint.
 
 
 4
 In opposition to the summary judgment motion, appellant did not file any affidavits or other record evidence
 
 
 5
 However, his complaint is "verified" in the sense that it was made under "the pains and penalties of perjury." In Sheinkopf v. Stone, 927 F.2d 1259 (1st Cir. 1991), we held that, under certain circumstances, a verified complaint can suffice for Rule 56 purposes. Id. at 1262. Thus, the factual statements in the complaint, to the extent they can be deemed to come within appellant's knowledge, are "fully tantamount to a counter-affidavit, and hence, worthy of consideration." Id. at 1262-63. Conclusory allegations are disregarded. Id. at 1262.
 
 
 6
 To state an Eighth Amendment claim, appellant must adduce evidence concerning his medical treatment that raises an inference that Condon's actions amounted to the wanton infliction of unnecessary pain. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). "Deliberate indifference to serious medical needs of prisoners" satisfies this standard. Id. In turn, this standard has two components: (1) the subjection of the prisoner to a "sufficiently serious deprivation"; and (2) acts that amount to "wanton disregard" of the rights of the inmate. DesRosiers v. Moran, 949 F.2d 15, 18 (1st Cir. 1991). Negligence and inadvertence in providing medical treatment do not state a valid claim of deliberate indifference. Estelle, 429 U.S. at 105-06.
 
 
 7
 Appellant states in Complaint A that he complained frequently, if not daily, about the scheduling of his morning dose of insulin. Given that this allegation is within appellant's knowledge, we think that the district court was correct in crediting this assertion. However, it is not sufficient to defeat Condon's summary judgment motion. The record plainly reveals that appellant received, on a daily basis, the insulin he required. Moreover, he was monitored closely by the medical staff, often being seen more than once per day.
 
 
 8
 Where a prisoner's dispute is not with the lack of help, but with his course of treatment, we have been reluctant to find deliberate indifference. Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991). A treatment regime can amount to deliberate indifference only where it effectively results in a complete denial of basic care-that is, treatment which is so deficient that it shocks the conscience. Id. This is not such a case.
 
 
 9
 Basically, appellant fails to assert any facts that satisfy the first component of the deliberate indifference standard-a "sufficiently serious deprivation" as a result of Condon's actions. All that appellant alleges in his verified complaint is that he suffered "irreparable harm" as the result of the treatment he received.[1] This is the kind of conclusory allegation that is to be disregarded even though contained in a verified complaint. See Sheinkopf, 927 F.2d at 1262. In the absence of an adequately supported factual scenario that appellant suffered specific medical consequences related to Condon's treatment choices-an essential element of his case-summary judgment is appropriate. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).
 
 
 10
 Finally, there was no error in the dismissal of appellant's complaint against Hillsborough. Appellant failed to allege that any action or omission on the part of Hillsborough was taken pursuant to an official policy or custom. See Monell v. New York City Dep't of Social Services, 436 U.S. 658, 694 (1978). As for PIHS, it may not be held liable solely on the basis that it was the employer of Condon. See id. at 691.
 
 
 11
 The judgment of the district court is affirmed.
 
 
 
 [1]
 Appellant asserts, for the first time on appeal, that due to Condon's refusal to reschedule his insulin doses, he went into a diabetic reaction on four occasions and suffered from severe headaches-a symptom of an impending diabetic reaction. Issues not presented below normally are deemed waived. Knight v. Mills, 836 F.2d 659, 664 n. 6 (1st Cir. 1987). We see no reason to depart from this rule in this case